The opinion of the Court was delivered by
Gibson J.
I am’clear that it was not in the power of the defendant below to rescind the contract. Where time admits of compensation, as it perhaps always does where lapse of *326 it arises from money not having been paid at a particular day, it is never an essential part of the agreement. Neither do I consider, that the subsequent agreement, by which the parties stipulated, that if the whole sum should not be paid at a certain day, the payment then made should be forfeited, and the original bargain be at an end, gave the defendant any additional right to rescind. Vernon v. Stephens, 2 P. Wms. 66, comes fully up to the case before us: and there the subsequent agreement was not only positive, that in default of payment by a particular day, the articles should be delivered up, but the parties solemnly entered into an order of Court to enforce performance of it: yet the chancellor, on the ground that the agreement and order were in the nature of a penalty, and intended only as a security for payment of the money, relieved against them on payment of principal, interest, and costs; sáying, that where the defendant has received that, he has no fight to complain of having suffered. It is precisely on the same principle that, in other cases, chancery relieves against the exercise of a legal right expressly arising out of a contract; as in the case of a mortgage ; or a right of entry for a forfeiture incurred by non-performance of a covenant in a lease to pay the rent at a particular day ; or against the forfeiture of the deposit by reason of non-payment of the purchase money; or against payment of a higher rate of interest, if the principal be not paid by a particular day. In the present case, too, was felt the same difficulty in raising money, (at least such as the defendant would accept,) arising from its scarcity and the extraordinary pressure of the times, which in Vernon v. Stephens entered into the consideration of the Court. The contract therefore continuing to exist, the principal remaining enquiry is, as to the direction of the Court, on the subject of the tender by Feay. The jury were charged, that a legal tender could be made only in coin: but that if good bank notes were tendered, and not objected to, and especially, if compliance with the contract were declined, (that is, as I understand it, ostensibly declined,) on a different ground; or if the refusal were attended with fraud; such tender would be good in equity : and in that, I entirely concur. But evidence having been given, that Decamp specifically objected to the tender throughout, because it was in bank notes, (and the fact does not seem to have been disputed, *327 although there was reason to believe, his object was, to get rid of the contract,) the jury were instructed, that “ the great question was, whether the refusal to take the money offered, arose from a determination to dissolve the contract, and keep the money received thus plainly intimating, that if the real motive be different from the avowed one, and if the party has, in truth, no objection to the kind of money tendered, but merely uses it as a pretext for objection, with a vLw of getting rid of the bargain, it is in fact a waiver, though he may expressly declare, that he waives nothing r and in that, I can by no means concur. A person for whose benefit any thing is to be done, may, if he please, dispense with any part of it, or circumstance in the mode of performance ; and where he is present to receive performance, whatever is not exacted, is considered as waived: for if objection had been made on the ground of those matters in which the proposed performance was deficient, these might have been supplied at the time ; and therefore you shall not surprise the party who performed the act, by an objection to the mode of performance, after his vigilance has been disarmed by an apparent acquiescence on your part; for that would be a fraud. This is the reason of the rule, and the whole extent of it: for if the party expressly refuses to dispense with any thing, and induces no misapprehension of the state of his intention, his motives for doing so, or the object he expects to accomplish by it, cannot be enquired into; nor can it be left to the jury to presume, contrary to the truth of the fact, that he did dispense with any thing. The right of a person to have a tender of imperfect performance considered as valid, arises from his having been, by the silence of the opposite party, deceived into the belief, that nothing further was required ; but where there is no allegation of misapprehension, by what right can the person making the tender enter into-the motive of a party actually objecting, and say, your dislike to the mode of performance is all affectation, and you are therefore bound to withdraw your objection ? To this, no matter what, or how unconscionable, the motive may be, he might openly reply, “ I only exercise a right I reserved by the contract, and although your notes could answer my ends as well as specie, yet for the purpose of defeating the contract altogether, I require payment in coin, because I know you cannot procure it.” The question then being, not, what *328 ought the party to have dispensed with, but, what did he dispense with : his right to object, and his motive for exercis- ’ ing it, stand on very different ground: and the Court therefore put to the jury, as the turning point of the cause, what ought to have been entirely excluded from their consideration. Thére is also an exception to that part of the charge respecting the damages, in which the jury were instructed, that they might find such a sum as would ensure a specific execution of the contract; and that the Court would endeavour, on their part, to prevent the plaintiff from taking any improper advantage of the verdict. If the jury had at the same time been instructed, to find the damages conditionally, they themselves prescribing the terms on which they should be released, all would have been well enough; for, with us, this mode of effecting an equitable object is, from necessity, frequently resorted to. Bat the terms and conditions are to be fixed by the jury; for if damages are given absolutely, and as a measured compensation proportioned to the extent of the injury, I know not how the Court can say, they were given conditionally, and, on that ground, withhold the execution. To assess damages, is the exclusive business of the jury; who, if they assess them conditionally, should also render their verdict conditionally: for it would be an improper delegation of power, to authorise the Court to say, how far, or on what terms, compensation was made for an injury suffered; and in the case before us, the Charge plainly pointed at a discretion to be reserved to the Court. We are, therefore, of opinion that the judgment be reversed.
Judgment reversed, and a venire facias de novo awarded.