Per Curiam.

e Court cannot see any fair ground to sustain the action. The covenant of the defendant is, that he will advance the sum of $ 1000, to enable the plaintiffs to erect a house on their own land, that is, land of which they took a long lease from Sears. One instalment was paid, and the second was to be paid when certain parts of the work should be done, and the third when the house should be finished, which was to be on or before the 1st of June. The plaintiffs contend that the time is not essential, but we think it is made so by the *338 terms of the indenture.[1] There is no evidence of a parol contract t0 enLrge the time.
The plaintiffs cannot recover on the general counts, for the work was done upon their own house. The transfer of the property to the defendant was merely as security. No injury has been done to the plaintiffs. They have finished the house, having procured money from some other quarter, and they pay interest to the defendant only upon the sum advanced by him The plaintiffs call this a catching bargain, which a court of equity would set aside ; but it does not appear to us to be of that description. The lender demanded ample security for his money, and the only ground of complaint seems to be that he required too much. He may have been over-cautious, but there is nothing fraudulent on his part.

Plaintiffs nonsuit.

 Time may be an essential part of an agreement, either from the nature of the transaction, or the subject matter of the agreement, or by the express undertaking of the parties. Shaw v. Turnpike Company, 2 Pennsylv. R. 454. Time becomes material where delay diminishes the value of the thing contracted for in an agreement. Bellas v. Hays, 5 Serg. & Rawle, 427. See Decamp v. Feay, 5 Serg. & Rawle, 323; Young v. White, 5 Watts, 460; Dana v. Mason, 5 Vermont R. 368.